**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH PATRICK HERRERA,

       Plaintiff,

v.                                          CIV 21-0227 KBM

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing, with Supporting Memorandum (*Doc. 24*), filed on November 1, 2021, and on Social Security Commissioner's Motion to Remand for Further Administrative Proceedings. Pursuant to Sentence Four of 42 U.S.C. § 405(G) (*Doc. 28*), filed February 2, 2022.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4*; *10*; *11.*

The Court held a hearing on February 22, 2022, on the Commissioner's Motion to Remand, at which counsel for the parties articulated their positions and counsel for Commissioner waived the filing of a reply brief in support of the Commissioner's Motion to Remand. Essentially, the parties agree that the Court should reverse the Commissioner's final disability decision in this case but disagree as to the appropriate

remedy. The Commissioner submits that remand is necessary for further administrative proceedings, while Plaintiff asserts that, instead, an immediate award of benefits is warranted. Having considered the record, the submissions and arguments of counsel, and the relevant law, the Court finds that an immediate award of disability benefits to Plaintiff under both Title II and Title XVI is warranted for the period from April 2, 2012, to December 30, 2015.

## I.    Procedural History

This is Mr. Joseph Patrick Herrera's ("Plaintiff's") fourth appeal to the U.S. District Court on his claims for disability benefits. He previously filed applications with the Social Security Administration for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), and for Supplemental Security Income ("SSI") under Title XVI of the SSA. Administrative Record[1] (AR) at 133-36; 793-97. After ALJ Ann Farris rendered an unfavorable disability decision in January 2016, Plaintiff appealed to this Court. *See Herrera v. Berryhill*, No. CV 16-0532 KK, Doc. 1 (D.N.M. June 6, 2016). Following review of Plaintiff's motion to remand, the Commissioner agreed to remand. *See Herrera v. Berryhill*, No. CV 16-532 KK, Docs. 25-26 (D.N.M. Mar. 31, 2017). Upon remand, ALJ Farris held another hearing and determined that Plaintiff had the residual functional capacity ("RFC") for a limited range of sedentary work with certain non-exertional limitations, including no interaction with the public and superficial interactions with coworkers and supervisors. AR at 528. ALJ Farris further

---

[1] Document 17 contains the sealed Administrative Record. *See Docs. 17-1—17-22.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

found that Plaintiff was unable to perform his past relevant work but was able to perform jobs existing in significant numbers in the national economy, rendering him not disabled. AR at 539-42. However, based upon the grids, ALJ Farris determined that Plaintiff was disabled as of June 28, 2016, his 50th birthday, making him potentially eligible for SSI benefits from that time. AR at 541, 1360.

Again, Plaintiff appealed to this Court. *See Herrera v. Berryhill*, No. 18cv0307 KBM, Doc. 1 (D.N.M. Apr. 3, 2018). And again, upon receipt of Plaintiff's motion to remand, the Commissioner agreed that remand was proper. *See Herrera v. Berryhill*, No. 18cv0307 KBM, Docs. 25 & 26 (D.N.M. Jan 11, 2019). On remand, the Appeals Council declined to send the case back to ALJ Farris and applied the borderline age rule to find Plaintiff disabled as of December 31, 2015, his date last insured. AR 1360-64. As to the period prior to December 31, 2015, the Council adopted the ALJ's RFC finding, the weight she afforded to the medical and non-medical opinions, and her adoption of vocational testimony. AR at 1360-63. Ultimately, the Appeals Council determined that Plaintiff was not disabled for the period prior to December 31, 2015. AR at 1363.

Next, Plaintiff appealed to this Court for the third time. *See Herrera v. Saul*, No. 19cv0787 JB/SCY, Doc. 1 (D.N.M. Aug. 28, 2019). Once again, after reviewing Plaintiff's motion to remand, the Commissioner agreed that remand was warranted. *See Herrera v. Saul*, No. 19cv0787 JB/SCY, Doc. 25 (D.N.M. May 15, 2020). Plaintiff's case was yet again remanded to the Commissioner for a new hearing and a new decision regarding Plaintiff's functioning for the period between June 15, 2010, and December 30, 2015. *Herrera v. Saul*, No. 19cv0787 JB/SCY, Doc. 26 (D.N.M.). In its Order

Affirming in Part and Remanding Case to Administrative Law Judge, the Appeals
Council explicitly directed the ALJ to, among other things, further evaluate Plaintiff's
mental impairments and the "complete opinions" from treating counselor LISW Tracey
Garcia and treating LMSW Yevgeni Balicek as well as to explain the weight given to
such opinion evidence. AR at 1509.

This time on remand a different ALJ, Michelle Lindsay, conducted a hearing on
November 17, 2020. AR at 1383. On January 7, 2021, she entered an unfavorable
disability decision. AR at 1383-98. ALJ Lindsay determined that Plaintiff had the RFC for
light work with certain additional limitations, including no work with the general public
and only superficial interactions with coworkers and supervisors that are incidental to
his work. AR at 1389. She further determined that Plaintiff was able to perform jobs
existing in significant numbers in the national economy and was, thus, not disabled
"from June 15, 2010, the alleged onset date, through December 31, 2015, the date last
insured." AR at 1396-97. This appeal, Plaintiff's fourth, followed. *See Doc. 1.*

## II.    Discussion

In his Motion to Remand, Plaintiff asserts that ALJ Lindsay's RFC finding was
premised upon an improper weighing of the examining and treating source opinions and
on unsupported conclusions regarding the medical evidence. *Doc. 24* at 1. Second, he
alleges that the ALJ failed to provide an accurate RFC to the vocational expert ("VE"),
rendering the ALJ's adoption of VE testimony contrary to substantial evidence. *Id*. Third,
Plaintiff submits that the ALJ failed to clarify inconsistencies in the vocational testimony.
*Id*. Finally, Plaintiff points out that the ALJ's decision overlaps with a time period for

which Plaintiff was already granted disability benefits and, thus, contains a scrivener's error that requires revision. *Id.* at 2.

The Court takes up Plaintiff's final point first, because it is the easiest to resolve. There is no dispute that ALJ Lindsay erred in identifying the relevant period in her decision. The Commissioner concedes that the relevant period for purposes of the present appeal should have been June 15, 2010, through December *30*, 2015, rather than through December *31*, 2015.

Significantly, at the November 17, 2020 hearing before ALJ Lindsay, Plaintiff requested an "alternate onset date no later than April 2, 2012," conceding that the medical record is "quite sparse" for both physical and mental impairments before that time. AR at 1416. Plaintiff reiterated this request at the hearing before this Court on February 22, 2022. Having considered the parties' positions and having reviewed the record, the Court is satisfied that April 2, 2012, through December 30, 2015, is the proper period for consideration in this matter.

Given the parties' agreement that remand is proper, the Court turns to the relief requested by the parties. In the Commissioner's opposed Motion to Remand, she explained:

> The agency has further reviewed Plaintiff's case and determined that remand for further proceedings is warranted. Upon remand, the agency's Appeals Council will direct the [ALJ] to provide the claimant an opportunity for a new hearing and to submit additional evidence in support of his claim. Further, the Council will direct the [ALJ] to adjudicate both the Title II and Title XVI claims . . . , and in doing so evaluate the opinions from Tracey Garcia, LISW; reevaluate the claimant's [RFC]; and if warranted, obtain supplemental vocational expert evidence.

*Doc. 28* at 1-2.

The Court concludes that reversal is appropriate, because ALJ Lindsay committed legal erred in her weighing of Plaintiff's examining and treating source opinions, and her decision is not supported by substantial evidence. *See Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). Most critically, ALJ Lindsay failed to discuss the findings and opinions of Plaintiff's treating counselor LISW Tracey Garcia, even after the Appeals Council **specifically ordered** her to "further evaluate the opinion evidence of record, including the complete opinions from Ms. Garcia." *Compare* AR at 1394, *with* AR 1509. The question remains, however, whether the case should be remanded for further proceedings or for an immediate award of benefits.

The Commissioner maintains that "remand *for further proceedings* would serve a useful purpose because there is conflicting evidence regarding the claimant's functioning[,] and it is unclear based upon the current record whether Plaintiff met the statutory requirements for disability during the period at issue." *Doc. 29* at 2 (citing *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017)) (emphasis added). Specifically, the Commissioner submits that the medical opinions of Bill Payne, M.D., Jim Takach, M.D., and Susan Daugherty, Ph.D. indicate that Plaintiff is capable of work. *Id.* at 2-3 (citing AR at 329-36, 359-62, 463-70, 883). The Commissioner urges the Court to avoid reweighing this evidence and to, instead, allow the Agency to address the purportedly conflicting evidence in the first instance. *Id.* at 3 (citing *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996)). Plaintiff, on the other hand, insists that further proceedings are unnecessary.

Counsel for both parties agree that an immediate award of disability benefits by a reviewing court is only appropriate in rare circumstances. For her part, the

6

Commissioner emphasizes that "'the proper course, except in **rare** circumstances, [is] . . . to remand to the agency for additional investigation or explanation.'" *Doc. 29* at 2 (*quoting I.N.S. v. Orlando-Ventura*, 537 U.S. 12, 16 (2002)). She insists that, here, the Court should follow the normal course. *Id.* at 3 (citing *Miller*, 99 F.3d at 978). Plaintiff, in contrast, maintains that this is indeed the rare case for which an immediate award of benefits is warranted. Simply put, this Court agrees.

First, the Commissioner has previously issued **four** disability decisions in this case, proceeding beyond step four of the sequential evaluation process each time. *Doc. 30* at 1-2 (citing AR at 32-33, 539-41, 1360-63, 1396-97). As the Court outlined above, three previous ALJ decisions were appealed to this Court, and in each case the Commissioner agreed that remand was appropriate. Likewise, the Commissioner agrees that this fourth ALJ appeal also requires remand. There can be no question that the unusual procedural history of this case is unique and prolonged, as Plaintiff's eligibility for disability benefits during the relevant period remains unresolved after nearly six years of litigation, including four appeals to this Court.

But Plaintiff asserts that this is a rare case for an additional reason: "because in the most recent decision the ALJ ignored the opinion from treating LISW Tracey Garcia in spite of specific Appeals Council language directing her to consider that opinion." *Id.* at 2 (citing AR at 1509). As Plaintiff emphasizes, the Appeals Council's remand order was absolutely clearly and LISW Garcia's treatment of Plaintiff fell "squarely within the relevant time period." *Id.* (citing AR at 490, 933-36, 954). To be sure, the ALJ's disregard of the Appeals Council's unambiguous instructions on remand undermines the Court's confidence that the Agency would, on yet a fifth opportunity to review the

evidence in this case, apply the proper legal standards and render a decision supported by substantial evidence.

In *Miller v. Chater*, the Tenth Circuit reversed and remanded a social security disability appeal to the district court, stating, "[a]fter four administrative hearings, two of which were held pursuant to explicit instructions by the district court to address the [closed period of time], we would caution the agency that 'the Secretary is not entitled to adjudicate a case ad infinitum until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion.'" 99 F.3d at 978 (citing *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993)). Drawing upon this caveat by the Tenth Circuit in *Miller*, the Court finds that the circumstances of this case weigh in favor of its exercise of discretion to order an immediate award of benefits. *See Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017) (explaining that whether to order an immediate award of benefits is within the reviewing court's discretion and that "the length of time the matter has been pending" is a relevant factor) (quoting *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006)).

Another factor for consideration is "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose [or] merely delay the receipt of benefits." *Id.* (quoting *Salazar*, 468 F.3d 615, 626 (10th Cir. 2006)). Plaintiff insists that all relevant evidence is contained within the present record. *See Doc. 28* at 1. The Commissioner has not pointed to any yet-to-be-submitted evidence that should be considered and weighed by the Agency in determining Plaintiff's RFC during the relevant period. As such, the Court considers the record to determine whether there is a reasonable probability that Plaintiff would be denied benefits during the relevant period

on remand, or whether remand for a **_fifth_** ALJ decision would only further delay the receipt of benefits.

Plaintiff began treatment with LISW Garcia in October 2013 and reported anxiety, nightmares, reduced social functioning, paranoia, and sleep problems. AR at 480. In December 2013, LISW Garcia reviewed Plaintiff's PTSD symptoms and assessed **_marked_** limitations in his ability to perform activities within a schedule, to be punctual, and to maintain regular attendance; in his ability to work in coordination with or proximity to other without being distracted; and in his ability to maintain socially appropriate behavior. AR at 491. Further, LISW Garcia opined that Plaintiff would likely be absent from work more than three times per month. AR at 491-92. Both maintaining attendance/punctuality and working in proximity to others without being unduly distracted by them are abilities that the Social Security Administration deems critical to performing even unskilled work. *See* Program Operations Manual System ("POMS") DI 25020.010(B)(3)(e) & (g). In other words, if the ALJ weighed and accepted LISW Garcia's opinions, then Plaintiff's RFC would have rendered him disabled.

Plaintiff submits that the RFC determined by ALJ Lindsay, which limited Plaintiff to work that "does not involve interaction with the general public" and to "[i]nteractions with co-workers and supervisors [that are] superficial and incidental to the work performed," was contrary to Plaintiff's "consistent reports that social interactions made him anxious to the point that he isolates himself." *Doc. 24* at 19 (citing AR at 51, 55, 202, 205, 221, 380-81, 936, 938, 940-43, 954, 956, 988, 1116-18, 1122). Plaintiff further contends that the medical opinions of record are consistent with those of LISW Garcia in that they assessed marked and moderate limitations in areas of mental functioning

9

required for all work. *Id.* at 13. At the February 22, 2022 hearing before this Court, Plaintiff's counsel specified that the relevant medical opinions dictate a more restrictive RFC as to Plaintiff's social interactions.

Like LISW Garcia, LCSW Judith Bent assessed **_marked_** limitations in Plaintiff's "ability to work in coordination with or proximity to others without being distracted." AR at 515 (Dec. 12, 2012 Mental Impairment Questionnaire). LCSW Bent specified that Plaintiff "cannot endure crowds or social interaction." AR at 515. Additionally, examining medical source, Robert Krueger, Ph.D., likewise assessed **_marked_** limitations in Plaintiff's social interactions, explaining that "[b]ecause of ongoing emotional problems with anxiety, depression, and tendencies for social avoidance, [Plaintiff] can be expected to have marked impairment in many relationships with coworkers, supervisors, and the general public." AR at 342 (July 12, 2012 Report of Psychological Evaluation).

In support of her position that further proceedings are appropriate, the Commissioner argues that medical opinions of record, including those of Drs. Payne, Takach, and Daugherty, constitute conflicting evidence that must be reweighed by the Commissioner on remand. *Doc. 29* at 2-3 (citing AR at 329-36, 359-62, 463-70, 883). Of these, only Dr. Daugherty offered opinions as to Plaintiff's mental impairments. *See* AR at 329-36, 359-62, 463-70.

Dr. Daugherty was a non-examining agency psychological consultant who reviewed records and provided a Mental Residual Functional Capacity Assessment on July 16, 2012. AR at 359-62. Not unlike the other medical sources in this case, Dr. Daugherty opined that Plaintiff "can be expected to have **_marked_** impairment in many relationships with coworkers, supervisors, and the general public." AR at 362 (emphasis

added). At the same time, though, Dr. Daugherty also indicated that Plaintiff "is able to perform work where interpersonal contact is incidental to work performed . . . ; supervision required is simple, direct and concrete (unskilled)." AR at 362.

At the February 22, 2022 hearing, Plaintiff's counsel argued that Dr. Daugherty's opinion concerning Plaintiff's social interactions is internally inconsistent. As noted by Plaintiff's counsel, a marked limitation indicates that the "individual cannot usefully perform or sustain the activity." POMS DI 24510.063(B)(3). Plaintiff's counsel therefore submits that a finding that a claimant is markedly impaired in his social interactions equates to a finding that he was unable to properly interact with coworkers, supervisors, or the public.

Having reviewed the record and having considered the Social Security Administration's definition of marked impairments, the Court agrees that Dr. Daugherty's opinion concerning Plaintiff's social interactions appears internally inconsistent. Moreover, Dr. Daugherty is not an examining source, and, critically, her opinion was rendered *before* the opinions of treating counselors LISW Garcia and LCSW Judith Bent, both of whom found marked impairments in social functioning as outlined above. *Compare* AR at 359-62, *with* AR at 491-92, 515.

In short, the Court cannot agree with the Commissioner that conflicting evidence as to Plaintiff's mental functioning necessitates further consideration by the Agency as to the period between April 2, 2012, and December 30, 2015. Instead, overwhelming evidence supports a finding that Plaintiff's mental impairments, specifically his inability to work alongside coworkers without undue distractions, renders him unable to perform even unskilled work. Notably, the vocational expert provided testimony that marked

11

limitations in interacting with coworkers, supervisors, and the public generally eliminates employment. AR at 1444. The Court finds that, properly considered, the evidence does not suggest any reasonable probability that Plaintiff would be denied benefits during the relevant period on remand. Indeed, requiring further proceedings would merely delay the award to which Plaintiff is entitled.

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(G) (*Doc. 28*) is denied to the extent the Commissioner seeks an order requiring further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse and Remand for Payment of Benefits (*Doc. 24*) is granted, the Commissioner's final decision is reversed, and this case is remanded for an immediate award of benefits under both Title II and Title XVI for the period from April 2, 2012 to December 30, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent